McKinney, J.
delivered the opinion of the court.
The complainants are the widow and heirs at law of Hiram Bailey, who died intestate, shortly before the filing of this bill. *231 They allege in the bill, that in July, 1826, said Hiram Bailey purchased a tract of land, lying in. Montgomery county, containing about 145 acres, from one James Smith, at the price of $725 00. That by an arrangment of some sort, made between said Hiram Bailey, and his father, Jacob Bailey, said Hiram conveyed one half of said tract of land to Zachariah Bailey, one of his brothers, by metes and bounds, by deed bearing date the 21st January, 1833. That Zachariah Bailey died several years ago, leaving neither wife nor children, never having been married; and that his heirs at law are his brothers and sisters, and their representatives; all of whom are parties to this cause. That after the death of Zachariah, it was agreed between Hiram Bailey, Jacob Bailey and the defendant William Bailey, who was a son of said Jacob, and brother of Hiram Bailey — that, as the conveyahce of the half of said tract of land to said Zachariah, was a gift to him from his father, Jacob Bailey, the deed, (which had not been proved or registered) should be destroyed, and that a deed should be executed by Hiram, to William Bailey, for the same part of said tract of land; and that accordingly, on the 7th day of January, 1839, a deed was made to said William. 'That this conveyance was a gift from Jacob to said William for which he gave no consideration whatever. The complainants charge that, by inadvertence, or mistake, said deed was so drawn as to convey to William Bailey, not the moiety which had been previously conveyed to Zachariah, as was the intention and agreement of all the parties, but the other half or moiety, owned by Hiram, which was not intended to be conveyed. That the deed made to Zachariah, not having been destroyed, had fallen into the hands of the defendant, Conrad Frederick, one of the heirs at law, in right of his wife, of Zachariah Bailey ; and that he caused the same to be proved and registered ; an,d was setting up claim under it to one half of said tract of land; and defendant, William Bailey, under his deed, was *232 claiming the other moiety of said land, in fraud of the rights of the complainants. The. prayer of the bill is, that the deed to said William Bailey may be reformed, in accordance with the understanding and agreement of the parties; and that, alter allotting to complainant, Louisa, her dower, the remainder of the moiety belonging to said Hiram, may be partitioned among the other complainants, the heirs at law of said Hiram Bailey.
The defendant, William Bailey, in his answer, expressly denies the allegation in the bill, that the moiety of said land conveyed to him by said Hiram Bailey, was the same, or that it was intended or understood by any of the parties, to be the same part previously conveyed to Zachariah Bailey, or that there was any error or mistake in said'conveyance. He also denies that the land was a gift to him from any one. He states that he agreed to give Hiram Bailey, in exchange for the moiety of said tract of land conveyed to him, another tract of land of which he said William was the owner, containing 150 acres, in Montgomery county; and he says he is ready and willing to make a conveyance of said tract as soon as the court shall so decree.
The proof is vague and unsatisfactory. The case made out in the bill, is not supported by the testimony of any witness in the cause. Judson Hurn states, that he understood from what he heard Hiram and William say, on some occasion, that Hiram had made a deed to William for half the tract of land near the town of New York; and William was to make Hiram a deed for half of a tract near Mrs. Blair’s.
Aaron Cummings states, that William told him, that the part of the land he claimed, was the part bought by Zachariah of his brother Hiram. In the same'conversation he stated that the contract between him and Hiram was, that he, William was to give Hiram half of a tract bf land near Mrs. *233 Blair, for half of the tract at New York. A. P. Bowen, heard William say that he and Hiram owned the tract at New York, and the tract near Mrs, Blair, jointly. Archibald Blount heard William object to letting timber be taken oif the New York tract; saying that it belonged to him and his brother Hiram, and that it was undivided.
This is the substance of the proof in the cause. The chancellor decreed for the complainants, and the defendant, William Bailey, appealed to this court. We think the decree is erroneous. The jurisdiction of courts ' of equity to correct mistakes in deed, or other instruments, or to reform them, when they do not carry out the intentions of the parties in making them, is not to be questioned. But,. to entitle the party to this relief, the proof must be clear, certain and satisfactory. For, in the language of chancellor Kent, 1 Johns. ch. R. 590. (2 Dev. 585,) courts of equity, in such cases, are deeply impressed with the danger to be apprehended from perjury, and to the community, at large by the insecurity of paper title. It is laid down in several cases of unquestionable authority, that such relief will only be afforded where express evidence can be adduced of the certain intention of the parties, at the time of the execution of the*deed, or other instrument, sought to be reformed. See 1 Ves. 317. 2 Atk. 203. 3 Bro. Ch. R. 451, 2 Johns. ch. R. 274.
In the case before us, the intention of the parties, as alledg-cd in the bill that the conveyance to defendant, William, was for the moiety of the tract which had been previously conveyed to Zachariah Bailey, is positively denied in the answer of the defendant, and is not sustained by the testimony of any witness in the cause. The proof rather sustains the view of the transaction presented by -the defendant in his answer— that Hiram Bailey exchanged his remaining moiety of said *234 tract of land, for another tract owned by the defendant, or part thereof.
.We are therefore of opinion, that the complainants are entitled to no relief, so far as respects the moiety of said tract of land conveyed by Hiram Bailey, the defendant on the 7th day of January, 1839. But, as to the other moiety, which, on the death of Zachariah Bailey, descended to his brothers and sisters, equally, as his heirs at law; the complainants in right of said Hiram Bailey, deceased, will be entitled to an equal share thereof, with the surviving brothers and sisters of Zachariah Bailey. And, inasmuch as the defendant, William Bailey, admits in his answer, that he agreed to convey to Hiram Bailey, the tract of 150 acres in consideration of the conveyance made to him by said Hiram; and that he is willing to convey the same, as the court may direct, we are of opinion that the complainants, the heirs at law of Hiram Bailey, are entitled to have a decree vesting them with a title to the same; and that the widow, Louisa Bailey, will be entitled to dower thereof, if a valid title to said tract ol land, now exists in the defendant; to ascertain which, a reference will be made to the clerk and master.
And if it shall appear, that a good-title to said tract of land cannot be made, the defendant will be charged with the sum of three hundred and fifty dollars, the price at which he admits it was estimated, at the time of the exchange with Hiram Bailey, and interest thereon.
The decree of the chancellor will be reversed and modified in conformity with the rights of the parties as herein declared.